**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
KWADWO MANU,                                        :
Individually and on behalf of all others            :
similarly situated, and an Ohio Rule 23             :
Class,                                              :          No.
                                                    :
                        Plaintiff,                  :
                                                    :
v.                                                  :
                                                    :
HEALTHEX CORP., and HEALTHEX                         :
COURIER LLC,                                         :
                        Defendants.                 :
-------------------------------------------------------X

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT

Kwadwo Manu ("Plaintiff"), individually and on behalf of other similarly situated delivery drivers, states as follows for his Complaint against HealthEx Corp. and HealthEx Courier LLC ("HealthEx") ("Defendants").

## PRELIMINARY STATEMENT

1.      This is a putative class and collective action brought by Plaintiff individually and on behalf of all others similarly situated.  Plaintiff, and others similarly situated, worked for Defendants as delivery drivers, couriers, or in similar titles, and were denied proper compensation as required by federal and state wage and hour laws.

2.      Defendants misclassified Plaintiff, and others similarly situated, as independent contractors and failed to pay them one and one-half times their regular rate of pay for all hours worked over 40.  Instead, Defendants paid them on a per mile and/or per delivery basis with no overtime premium.

3.     Plaintiff seeks overtime compensation for hours worked over 40 in a workweek pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*  In accordance with § 216(b) of the FLSA, Plaintiff brings this case as a putative collective action.

4.     Plaintiff also seeks overtime compensation for hours worked over 40 in a workweek for violations of the Ohio Minimum Fair Wages Standards Act. Plaintiff brings these claims as putative Rule 23 class action on behalf of all similarly situated individuals in the State of Ohio

5.     This is also an action by Plaintiff individually for retaliation in violation of the FLSA § 215(a)(3) and Ohio R.C. § 4111.13(B).  Upon information and belief, Defendants terminated Plaintiff in response to Plaintiff inquiring about unpaid wages.

## JURISDICTION & VENUE

6.     This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, because Plaintiff's claims arise under the FLSA.  Additionally, this Court has personal jurisdiction over Defendants, since Defendants conduct business in the Eastern District of New York.

7.     This Court has supplemental jurisdiction, pursuant to 29 U.S.C. § 1367, over the Ohio state law claims, as the state and federal claims derive from a common nucleus of operative fact.

8.     Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District and Defendants are located in this District.

## THE PARTIES

9.     Plaintiff Kwadwo Manu resides in Cleveland, Ohio.  He worked for Defendants as a delivery driver in Ohio from approximately June 2019 to approximately mid-August 2019.

10.     HealthEx Corp.'s principal place of business is in Roslyn Heights, New York. It conducts business throughout the United States, including in Ohio.

11.     HealthEx Courier LLC is a domestic limited liability company with its principal place of business in Roslyn Heights, New York.  It conducts business throughout the United States, including in Ohio.

12.     Defendants are a medical courier company providing healthcare deliveries to customers, which include residential and nursing homes.

13.     Upon information and belief, Defendants have an annual gross volume of sales made or business done of $500,000 or greater in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

14.     Plaintiff is an "employee" of Defendants within the meaning of the FLSA and was engaged in interstate commerce as defined by section 207(a)(1).

15.     Defendants are covered employers as defined by 29 U.S.C. § 203(d).

16.     Defendants have employed two or more persons, including Plaintiff, who are or were "engaged in commerce or in the production of goods for commerce," or have had "employees handling, selling, or otherwise working on goods or materials that have been moved and/or produced for commerce by any person," as defined by 29 U.S.C. § 203(s)(1)(A)(i).

## COLLECTIVE AND CLASS ACTION DEFINITION

17.     Plaintiff seeks to represent himself and the following putative "FLSA Collective":

All delivery drivers, couriers, and those in similar roles, who worked for Defendants at any time within three years prior to the filing of the Complaint to the date of final judgment.

18.     Plaintiff seeks to represent himself and the following putative "Ohio Rule 23 Class":

All delivery drivers, couriers, and those in similar roles, who worked for Defendants in Ohio at any time within three years prior to the filing of the Complaint to the date of final judgment.

## GENERAL FACTUAL ALLEGATIONS

19.     Plaintiff, and others similarly situated, worked for Defendants as a delivery driver, delivering medication and other related healthcare products to Defendants' customers.

20.     Plaintiff, and others similarly situated, were hired, and paid by Defendants.

21.     Defendants misclassified Plaintiff, and others similarly situated, as independent contractors.

22.     Defendants set delivery driver pay rates, subjecting Plaintiff, and others similarly situated, to the same non-negotiable pay rate and structure.

23.     Defendants paid Plaintiff, and others similarly situated, on a per-mile and/or per delivery basis and did not pay an overtime premium for hours worked over 40 in a workweek.

24.     Defendants issued Plaintiff, and those similarly situated, a weekly route schedule. The route schedule included a list of drop-off locations and times Plaintiff was required to follow. Defendants' dispatcher conveyed those assignments to Plaintiff, and others similarly situated.

25.     Plaintiff and others similarly situated were required to complete the routes at the times and in the order dictated by Defendants.

26.     Defendants generally expected Plaintiff, and others similarly situated, to work weekdays and some weekend days.

27.     Plaintiff's job duties, and job duties of other similarly situated delivery drivers include but are not limited to: waiting to pick up scan sheets and medical totes at HealthEx warehouses, loading medical totes into their vehicles prior to departing to complete delivery routes, delivering pharmaceuticals and other medical supplies to Defendants' customers.

28.     Defendants tracked the routes of delivery drivers through a mobile app, which was a GPS-powered, navigation, delivery itinerary, and package scanning app.  Defendants required Plaintiff and others similarly situated to scan its medical totes, using "scan sheets", upon drop-off at a customer's site.  Defendants required the medical totes to be scanned for tracking purposes.

29.     Defendants required Plaintiff, and others similarly situated, to scan in and out of paperwork throughout the day, documenting when the deliveries were opened and closed so that Defendants could track their work and location.

30.     Defendants required Plaintiff and others similarly situated to return to Defendants' warehouse when their routes were completed.  At the warehouses, Plaintiff and others similarly situated were instructed to report any errors in deliveries (e.g. a drop-off location assigned to the wrong medication).  They also turned in their scan sheets to a lead driver or dispatcher and returned totes.

31.     Plaintiff and others similarly situated were required to use their personal vehicles to make the deliveries.  They also incurred other expenses in conjunction with their work including insurance, fuel, the mobile app, and a background check.

32.     Defendants provided Plaintiff and others similarly situated a uniform that reflected Defendants' name.

33.     Defendants expected Plaintiff to arrive at their warehouse to start working by 12 p.m.  The specific time Plaintiff and others similarly situated started working was dependent on the route and number of work orders Defendants assigned.

34.     Plaintiff and others similarly situated were not permitted to hire assistants to help them with their duties.

35.     Defendants required that all deliveries be completed by specific times.

36.    Using time stamps (through its e-courier app) associated with each delivery, Defendants tracked the route of delivery drivers.  If a delivery driver was unable to make a drop by the specified time, Defendants changed its status to "late" in the app, which could result in a penalty to the driver, including decreased pay rate for the delivery.

37.    The work orders Defendants assigned and expected delivery drivers to complete in a day routinely took more than eight hours, at times taking Plaintiff nine or more hours to complete.

38.    Defendants were aware that Plaintiff and other delivery drivers routinely worked over 40 hours per week and were not paid overtime because Defendants scheduled and required Plaintiff to complete routes that often resulted in long hours, including overtime. Defendants were also aware of the hours Plaintiff and the similarly situated delivery drivers worked because the e-courier mobile app tracked deliveries, and the drivers' locations, while they were being completed.

39.    On average, Plaintiff routinely worked approximately 50 hours in a workweek.  For example, during the workweek beginning July 15, 2019, Plaintiff worked five approximately ten-hour days, which resulted in approximately fifty 50 hours worked that workweek.  Defendants did not compensate him with an overtime premium during this workweek, or in any other workweeks.

40.    Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff, and others similarly situated, all the wages they were owed.

41.    Upon information and belief, Defendants have been sued for these same practices before.

42.    In addition, Defendants received complaints from workers about their pay practices.

43.    For instance, Plaintiff complained to Defendants about not being paid about outstanding payments Defendants owed him for work he had completed.  Defendants dismissed Plaintiff's complaints and eventually terminated him.

## FACTS RELATED TO PLAINTIFF'S RETALIATION CLAIM

44.    In August 2019**,** Plaintiff made multiple complaints to Defendants about his pay being incorrect, and subsequently that they had not paid him anything at all.

45.    Defendants failed to resolve these issues.

46.    That same month, Defendants' dispatcher assigned Plaintiff a route to cover. Since Defendants had not timely paid Plaintiff, he explained he could not afford to work until he received the wages due to him as he could not afford gas.  In response, Defendants demanded he find another driver to cover the route.

47.    When Plaintiff informed Defendants he was unable to find another driver to cover that route he could not afford to work, Defendants informed him via text that he was terminated, stating, "U no longer work here."

43.    Plaintiff's termination was retaliatory and was directly tied to Plaintiff asserting his right to be paid.  As a result of Defendants' illegal conduct, Plaintiff has suffered, and will continue to suffer damages, including loss of income.

## COLLECTIVE ACTION ALLEGATIONS

44.    Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff seeks to certify the putative FLSA Collective defined above as a collective action

45.    Plaintiff's consent form is attached as Exhibit A.  As this case proceeds, it is likely other individuals will join as opt-ins.

46.     Upon information and belief, Defendants knew that Plaintiff, and others similarly situated, performed work that required overtime pay.  Defendants operated under a scheme to deprive these workers of their legally owed overtime compensation.

47.     Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and other similarly situated, their overtime premiums.

48.     There are numerous similarly situated persons who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of court-supervised notice of this lawsuit and being given the opportunity to join.  Others similarly situated are known to Defendants and should be readily identifiable through Defendants' records.

## OHIO RULE 23 CLASS ACTION ALLEGATIONS

49.     Plaintiff, as the Ohio Rule 23 Class Representative, brings this action as a putative class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Ohio Rule 23 Class defined above.

50.     The members of the proposed Ohio Rule 23 Class are so numerous that joiner of all members is impractical and inefficient such that the requirements of Rule 23(a)(1) are met.  The Ohio Rule 23 Class Representative does not know the exact number of class members, but he is informed and believes that at least fifty (50) class members exist.  The identities of the Ohio Rule 23 Class members may be ascertained from Defendants' files and records.

51.     There are common questions of law and fact affecting the class members including but not limited to whether Defendants misclassified the class as independent contractors and unlawfully failed to pay overtime, and the proper measure of damages. The requirement of Rule 23(a)(2) are met.

52.     The Ohio Rule 23 Class Representative's claim are typical of the claims of the Ohio Rule 23 Class as a whole. The Ohio Rule 23 Class Representative and the Ohio Rule 23 Class have suffered harm due to Defendants' misclassification of their employment status and failure to pay them overtime compensation. The requirements of Rule 23(a)(3) are met.

53.     The Ohio Rule 23 Class Representative will fairly and adequately protect the interests of the Ohio Rule 23 Class, pursuant to Rule 23(a)(4).  His interests are not inconsistent with and not antagonistic to the interest of the class.  The Ohio Rule 23 Class Representative has retained counsel experienced in complex wage and hour class and collective action litigation.

54.     Prosecuting separate actions by individual members of the proposed Ohio Rule 23 Class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, would establish incompatible standards of conduct for the party opposing the class, and would substantially impair or impede the interest of other members of the class to protect their interests.  Certification under Rule 23(b)(1) is appropriate.

55.     This class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs routinely lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.  The members of the proposed Ohio Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common practices and uniform policies.  The damages suffered by the Ohio Rule 23 Class members are small compared to the expense and burden of individually prosecuting this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' classification and pay practices.  Certification under Rule 23(b)(3) is appropriate.

56.     The Ohio Rule 23 Class Representative intends to send notice to all members of the proposed Ohio Rule 23 Class to the extent required by Rule 23.

## CAUSES OF ACTION

### COUNT I
**UNPAID OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201, *et seq.***
*On Behalf of Plaintiff and the Putative FLSA Collective*

57.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58.     The FLSA requires employers to pay non-exempt employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207.

59.     Plaintiff and the putative FLSA Collective were or are employees of Defendants within the meaning of the FLSA.

60.     Defendants are or were an employer of Plaintiff and the putative FLSA Collective within the meaning of the FLSA, 29 U.S.C. § 203(d).

61.     As a result of the misclassification of Plaintiff and putative FLSA Collective as independent contractors and the failure to pay them an overtime premium for hours over 40 in a workweek as required by law, Defendants violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).

62.     Defendants' failure to comply with the FLSA overtime protections caused Plaintiff and the putative FLSA Collective to suffer loss of overtime wages and interest thereon.

63.     Defendants knew, or showed reckless disregard for the fact, that Plaintiff and the putative FLSA Collective were not being paid proper overtime compensation in violation of the FLSA.

64.     Upon information or belief, Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA. As a result, Plaintiff and the putative FLSA Collective are entitled to recover liquidated damages in an amount equal to unpaid overtime compensation permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find that Plaintiff and the putative FLSA Collective are not entitled to liquidated damages, then they are entitled to prejudgment interest at the applicable legal rate.

65.     Plaintiff, and the putative FLSA Collective, also seek attorneys' fees and costs from Defendants, as provided by the FLSA in section 216(b).

## COUNT II
## UNPAID OVERTIME UNDER THE OHIO MINIMUM FAIR WAGE STANDARDS ACT
### Ohio Rev. Code Ann. § 4111.03
### *On Behalf of Plaintiff and the Ohio Rule 23 Class*

66.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

67.     The Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.03, requires employers to pay overtime compensation to all non-exempt employees, at a rate of one and one-half times their regular rate of pay for all hours worked over 40 per workweek.

68.     As a result of unlawfully classifying Plaintiff and the Ohio Rule 23 Class as independent contractors, Defendants routinely suffered and permitted the Ohio Rule 23 Class Representative and the Ohio Rule 23 Class to work more than 40 hours per week without receiving proper overtime compensation in violation of Ohio state law.

69.     Defendants failed to pay Plaintiff and the members of the Ohio Rule 23 Class overtime for hours worked over 40 in a workweek.

70.     Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and members of the Ohio Rule 23 Class.

11

71.     As the direct and proximate result of Defendants' unlawful conduct, the Ohio Rule 23 Class Representative and the Ohio Rule 23 Class have suffered and will continue to suffer a loss of income and other damages.

72.     Plaintiff and the Ohio Rule 23 Class seek damages in the amount of their underpayments based on Defendants' failure to pay lawful overtime wages due, as provided by Ohio Rev. Code Ann. § 4111.03, and such other legal and equitable relief from Defendants' unlawful conduct as the Court deems proper.

**COUNT III**
**RETALIATION UNDER THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 215(a)(3)**
***On Behalf of Plaintiff Individually***

73.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

74.     Section 215(a)(3) of the FLSA makes it unlawful for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]."

75.     Plaintiff engaged in protected activity within the meaning of the FLSA by complaining to Defendants about not being paid wages Defendants owed him.

76.     Defendants retaliated against Plaintiff in violation of the FLSA, 29 U.S.C. § 215(a)(3) for making these complaints by terminating him.

77.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255, without a good faith or reasonable basis.

78.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer a loss of income and benefits and other damages.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to all such legal or equitable relief as may be appropriate to

effectuate the purposes of § 215(a)(3), including liquidated damages, compensatory damages, and punitive damages, as well as attorneys' fees and costs incurred in connection with this claim.

<u>COUNT IV</u>
**RETALIATION UNDER THE OHIO MINIMUM FAIR WAGE STANDARDS ACT**
**Ohio Rev. Code § 4111.13(B)**
***On Behalf of Plaintiff Individually***

79.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

80.     Section 4111.13(B) of the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. prohibits an employer from "discharg [ing] or in any other manner discriminat[ing] against any employee because the employee has made any complaint to the employee's employer. . . that the employee has not been paid wages in accordance with sections 4111.01 to 4111.17."

81.     Plaintiff engaged in protected activity by complaining to Defendants about not being paid wages Defendants owed him.

82.     Defendants retaliated against Plaintiff in violation of § 4111.13(B) for making these complaints by terminating him.

83.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer a loss of income and benefits and other damages.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to all such legal or equitable relief as may be appropriate to effectuate the purposes of § 215(a)(3), including liquidated damages, compensatory damages, and punitive damages, as well as attorneys' fees and costs incurred in connection with this claim.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff, on behalf of himself, others similarly situated, and the putative FLSA Collective and Ohio Rule 23 Class prays for relief as follows:

1.     Certification of an Ohio class action pursuant to Fed. R. Civ. P. 23;

2.       Certification of a collective action pursuant to the FLSA;

3.       Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court;

4.       The appointment of Plaintiff as a class representative and his counsel as class counsel;

5.       Judgment against Defendants for misclassifying Plaintiff, and others similarly situated, as independent contractors;

6.       Judgment against Defendants for failing to pay overtime owed under the FLSA;

7.       Judgment against Defendants for failing to pay overtime owed under the Ohio Minimum Fair Wage Standards Act;

8.       An award of overtime wages;

9.       An award of liquidated damages;

10.      A finding that Defendants' violations were willful;

11.      An award of any pre- and post-judgment interest;

12.      An award of reasonable attorneys' fees and costs; and

13.      Such further relief as may be appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself, the FLSA Collective and the Ohio Rule 23 Class, demands a trial by jury.

Dated:   January 24, 2020

SHAVITZ LAW GROUP, P.A.

*/s/ Michael J. Palitz*
Michael J. Palitz
mpalitz@shavitzlaw.com
800 3rd Ave, Suite 2800
New York, New York 10022
Tel:      (800) 616-4000
Fax:      (561) 447-8831

Gregg I. Shavitz*
gshavitz@shavitzlaw.com
951 Yamato Road, Suite 285
Boca Raton, Florida 33432
Tel:      (561) 447-8888
Fax:      (561) 447-8831

NICHOLS KASTER, PLLP

Michele R. Fisher**
fisher@nka.com
4600 IDS Center, 80 South 8th Street
Minneapolis, Minnesota 55402
Tel:      (612) 256-3200
Fax:      (612) 215-6870

*To be admitted *pro hac vice*
** General Admission forthcoming

ATTORNEYS FOR PLAINTIFFS

# EXHIBIT A

---

## HEALTHEX CORP.
## PLAINTIFF CONSENT FORM

---

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* against HealthEx Corp. ("Defendant") and any other related individuals, entities, or subsidiaries.

2. During the past three years, there were occasions when I worked over 40 hours per week for Defendant as a delivery driver but did not receive overtime compensation for the overtime hours I worked and/ or was not paid minimum wage for hours worked. I also experienced retaliation for asserting my rights under the FLSA.

3. If this case does not proceed collectively, I also consent to join any subsequent action or matter to assert these claims against Defendant.

4. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling this matter.

Date: ___01/10/2020___

_____

_____
Signature

Kwadwo manu
_____
Print Name

---

**Information Below Will Be Redacted in Filings with the Court. Please Print or Type.**
Redacted

---

**Return this form by**        **Nichols Kaster, PLLP, Attn: Michele R. Fisher**
**fax, email or mail to:**      **Fax: (612) 215-6870**
                                **Email: forms@nka.com**
                                **Address: 4600 IDS Center, 80 S. 8th Street, Minneapolis, MN 55402**
                                **Web:  www.nka.com**